IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-23-47-D |
| ) | |
| MELVIN LAMAR ISLER, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Defendant's Motion to Dismiss Indictment Pursuant to *New York Rifle & Pistol Assn. v. Bruen* [Doc. No. 30]. The government has filed its Response [Doc. No. 34]. Upon consideration, the Court issues its ruling.

Defendant stands charged in a one-count Indictment of knowingly making a false statement of material fact in the purchase of a firearm in violation of 18 U.S.C. § 922(a)(6). Specifically, the Indictment alleges that Defendant executed a firearms transaction record, ATF Form 4473, that falsely represented he was not under indictment or information in any court for a felony, when in fact he had been charged by information with a felony in Oklahoma County District Court, case number CF-2022-1011, and the case remained pending at the time he completed the form.

Defendant moves to dismiss the Indictment on the ground that § 922(a)(6) applies only if his conduct would have violated 18 U.S.C. § 922(n) – which prohibits the receipt of a firearm by a person under indictment or information for a felony – and § 922(n) is unconstitutional as applied to him under the Supreme Court's decision in *New York State*

*Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). Defendant argues that the alleged false statement is material to the lawfulness of his purchase of a firearm, as required by § 922(a)(6), only if he was prohibited from receiving a firearm by operation of § 922(n), and that applying § 922(n) to him would violate the Second Amendment.

The government asserts that an offense under § 922(a)(6) does not implicate the constitutionality of § 922(n) because the offense is one of fraud and deceit, rather than enforcement of the underlying statute that the fraud was designed to avoid. The government relies on established principles stated in *Dennis v. United States*, 384 U.S. 855, 867 (1966), "that a claim of unconstitutionality will not be heard to excuse a voluntary, deliberate and calculated course of fraud and deceit" and "[o]ne who elects such a course as a means of self-help may not escape the consequences by urging that his conduct be excused because the statute which he sought to evade is unconstitutional." These principles were recently applied to foreclose a person charged with violating § 922(a)(6) from challenging the constitutionality of § 922(n). *See United States v. Holden*, 70 F.4th 1015, 1017 (7th Cir. 2023). The government also argues that § 922(n) as applied to Defendant would not violate the Second Amendment.

**Standard of Decision**

Rule 12(b)(3) of the Federal Rules of Criminal Procedure permits a defendant to challenge an indictment before trial where a "trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010). "An indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be

taken as true." *United States v. Todd,* 446 F. 3d 1062, 1067 (10th Cir. 2006). Here, Defendant does not dispute the sufficiency of the Indictment to state an offense under § 922(a)(6). He instead asserts that an element of the charged offense – the materiality of the false statement to a lawful sale – would require proof of a violation of § 922(n), which is unconstitutional. This defense can properly be resolved as a matter of law before trial.

## Discussion

To establish the charged offense under § 922(a)(6), the government must prove that Defendant knowingly made a false statement in connection with the acquisition of a firearm from a licensed dealer and that the statement was intended or likely to deceive the dealer regarding a fact that was material to the lawfulness of the sale. The specific alleged misrepresentation – that Defendant was not under indictment or information for a felony offense – may be material to the legality of his firearm purchase because § 922(n) prohibits a person under a felony indictment from receiving a firearm shipped in interstate commerce.

Despite a connection between Defendant's alleged violation of § 922(a)(6) with the firearm restriction imposed by § 922(n), the Court finds that the government's prosecution of Defendant for making a false statement in connection with the purchase of a firearm does not allow him to challenge the constitutionality of § 922(n). The Court is persuaded by the Seventh Circuit's rejection of the same argument in *Holden*.

There, the Seventh Circuit relied on Supreme Court decisions, such as *Dennis*, which "hold that false statements may be punished even when the government is not entitled to demand answers." *Holden*, 70 F.4th at 1017. Based on this principle, the Seventh

3

Circuit held: "The word 'material' in § 922(a)(6) does not create a privilege to lie, when the answer is material to a statute, whether or not that statute has an independent constitutional problem."  *Id*.  Because § 922(n) has not been invalidated and is not facially invalid, "[p]eople cannot engage in self help by telling lies to avoid the inquiry whether § 922(n) may properly apply to them; they must tell the truth and seek judicial relief on the ground that § 922(n) would be invalid with respect to them, in particular." *Id*. at 1018.

Similarly in this case, Defendant may not raise the alleged unconstitutionality of § 922(n) as a defense to his prosecution for a false-statement offense under § 922(a)(6). The alleged offense is providing false information to a licensed firearm dealer that was material to the dealer's decision whether to sell a firearm to Defendant. "This is a prosecution directed at [Defendant's] fraud. It is not an action to enforce the statute claimed to be unconstitutional."  *Dennis*, 384 U.S. at 867.

## Conclusion

For these reasons, the Court finds that Defendant's challenge to the constitutionality of § 922(n) is not a defense to the charge of the Indictment of making a false statement prohibited by § 922(a)(6).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Indictment Pursuant to *New York Rifle & Pistol Assn. v. Bruen* [Doc. No. 30] is **DENIED**.

**IT IS SO ORDERED** this 29th day of August, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge